15-2269-pr
Santana v. Lee

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of March, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                 *Circuit Judges*.

_____

ALBERT SANTANA, JR.,

                 *Petitioner-Appellant*,

            v.                                          15-2269-pr

WILLIAM LEE,

                 *Respondent-Appellee*.

_____

Appearing for Appellant:     Daniel M. Perez, Newton, NJ.

Appearing for Appellee:      Alyson J. Gill, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Nikki Kowalski, Deputy Solicitor General for Criminal Matters, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Albert Santana, Jr. appeals from the July 2, 2015 memorandum-decision and order of the United States District Court for the Northern District of New York. (Mordue, *J.*) adopting the magistrate judge's report and recommendation denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The applicant bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* "A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis v. Conn. Comm'r of Corr.*, 790 F.3d 109, 120 (2d Cir. 2015) (internal quotation marks omitted).

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a defendant must show that: (1) the Government suppressed evidence, either willfully or inadvertently; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence was material, i.e., it resulted in prejudice to the defendant. *Lewis*, 790 F.3d at 123.

Santana argues that the district court erred in holding that the state court's conclusion that prosecutors turned over *Brady* material was not a clearly unreasonable determination of the facts. Specifically, Santana alleges that the prosecution suppressed information regarding the New York arrest of Anthony Edwards, an eyewitness who, while being cross-examined by Santana's trial counsel, identified Santana as the man who shot and killed one of the victims. There is no argument as to whether Edwards's New York arrest, and his subsequent plea of guilty to felony theft of property, constitute impeachment evidence that would have been favorable to Santana. *See United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) ("[T]heft crimes, and other crimes involving stealth, nonetheless bear on a witness's propensity to testify truthfully.").

The record establishes that the trial court ordered the district attorney to provide defense counsel with either a NYSID sheet or certified copy of all convictions for each witness; there is nothing in the record to indicate that the state failed to comply with the trial court's order, and the district attorney's file included Edwards's conviction sheet referencing both his Florida convictions and pending New York felony matters. This is sufficient to support the county court's conclusion that the state provided the requisite *Brady* material. Santana is correct that the evidence is thin: there is no direct evidence that the material was in fact provided. But there is also no direct evidence that the material was not provided: Santana argues the material was not provided because defense counsel failed to question Edwards regarding his pending New York felonies but did question him regarding old Florida convictions. Santana cannot sustain his burden of demonstrating that the county court's factual determination that the state disclosed Edwards's pending felony charges is clearly erroneous.

Even assuming arguendo that the state did not turn over a record of Edwards's New York arrest and guilty plea, Santana cannot show that this failure was material, i.e., it resulted in

prejudice to the defendant. *See Lewis*, 790 F.3d at 123. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Leka v. Portuondo*, 257 F.3d 89, 104 (2d Cir. 2001) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). "[A] new trial is generally not required when the testimony of the witness is 'corroborated by other testimony' or when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." *United States v. Jackson*, 345 F.3d 59, 74 (2d Cir. 2003) (citations omitted).

While Edwards was the only eyewitness who testified Santana was the shooter as to that incident, it cannot be said that impeaching Edwards on his New York arrest and guilty plea would have led to a "reasonable probability" of a different result. First, Santana was charged with felony murder, which means that the jury only had to find that he was one of the robbers and that the victim died in the course of the commission of the crime. The jury did not have to find Santana was the shooter to convict him of felony murder. Second, it is difficult to see how the evidence of the New York arrest and guilty plea would materially undermine Edwards's credibility. There is no evidence that Edwards provided his testimony in exchange for any consideration on his state felony charges: he testified pursuant to a subpoena. Prior to identifying Santana on cross examination, Edwards did not provide police or prosecutors with a description of the shooter. The prosecution called Edwards primarily for the purpose of identifying the license plate number of the car in which the assailants fled from the shooting. Defense counsel cross examined Edwards extensively regarding his Florida convictions. Indeed, it was defense counsel's theory that Edwards only identified Santana on cross examination because Edwards was angry about the extensive cross-examination regarding the Florida convictions. Santana accordingly cannot show that the information about Edwards's New York arrest and guilty plea was material.

We have considered the remainder of Santana's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3